IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---

| | |
|---|---|
| TOEVS HEALTH, LLC : | |
| 2100 Ohio Blvd. : | |
| Terre Haute, IN 47803 : | |
| : | Civil Action No.: _____ |
| Plaintiff, : | |
| v. : | |
| : | **JURY TRIAL DEMANDED** |
| UPMC LOCUM CLINICIANS : | |
| Forbes Tower : | |
| 3600 Meyran Avenue : | |
| Pittsburgh, PA 15213 : | |
| : | |
| Defendant. : | |

---

## COMPLAINT – CIVIL ACTION

Plaintiff, Toevs Health, LLC ("Plaintiff"), by and through its undersigned attorney, for its Complaint against UPMC Locum Clinicians ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff initiates this action contending that Defendant is in breach of its contractual obligations towards Plaintiff under Pennsylvania common law.

## PARTIES

2. Plaintiff, Toevs Health, LLC, is a limited liability company organized and existing under the laws of the State of Indianna with a principal place of business located at 2100 Ohio Blvd., Terre Haute, IN 47803.

3. Plaintiff has one member and CEO, Dr. Christine Toevs, who is a resident of the State of Indianna and currently maintains a residence at 2100 Ohio Blvd., Terre Haute, IN 47803.

4. Defendant, UPMC Locum Clinicians, is a non-profit company organized and existing under the laws of the Commonwealth of Pennsylvania, where it maintains its principal place of business at Forbes Tower, 3600 Meyran Avenue, Pittsburgh, PA 15213.

5. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of the employment and for Defendant.

## JURISDICTION AND VENUE

6. Plaintiff filed the instant action within the statutory time frame applicable to its claims.

7. This is an action authorized and instituted pursuant to breach of contract under Pennsylvania common law.

8. This Court has diversity jurisdiction over this matter pursuant to 29 U.S.C. § 1332, as the amount in controversy exceeds $75,000.00 and the parties are citizens of different states.

9. The venue in this District is proper pursuant to 28 U.S.C. § 1391, inasmuch as the events giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

10. Paragraphs 1 through 9 are hereby incorporated by reference as though the same were fully set forth at length herein.

11. By way of background, Plaintiff, through its CEO Dr. Toevs, signed a Global Agreement for Independent Contractor Professional Provider Coverage ("Agreement") on December 22, 2022, a copy of which is attached hereto as Exhibit A.

12. This Agreement was between Plaintiff, referred to in the Agreement as "Agency," and Defendant, referred to in the Agreement as "Client," "UPMC LC," and/or "UPMC."

13. As outlined in Paragraph 1 of the Agreement, the Agreement was effective January 1, 2023, and continued for a period of eighteen (18) months until June 30, 2024, and was to automatically renew every year.

14. Per the Agreement, "Either Party may terminate this AGREEMENT without cause by giving no less than ninety (90) days written notice to the other Party unless a shorter notice period is mutually agreed upon by both Parties."

15. Defendant unilaterally ended its contract with Plaintiff on October 20, 2023.

16. Critically, Defendant did not provide Plaintiff with any written notice.

17. Specifically, Defendant claimed that, due to a recent hire, it no longer needed Plaintiff to provide trauma surgeon services.

18. However, that same day, October 20, 2023, when Plaintiff looked at Defendant's job listings, there was an open call for the position of trauma surgeon.

19. As noted above, the Agreement was for a term of 18 months and set to automatically renew every year.

20. The Agreement could be terminated, but the Party seeking to terminate it was required to give 90 days' notice, unless a shorter notice period was mutually agreed upon.

21. Had Plaintiff materially breached the Agreement, Defendant did have the option of immediately terminating the Agreement.

22. Defendant cannot argue that Plaintiff materially breached the Agreement as not once during Plaintiff's employment with Defendant did Defendant raise any problems with Plaintiff's performance.

23. Instead, Plaintiff was told that Defendant hired a new person and Defendant no longer needed Plaintiff, which is not true.

24. However, even if it had been true, the Agreement still required Defendant to give Plaintiff 90 days' notice.

25. Based on the Agreement, Plaintiff agreed to provide a minimum of seven (7) days per month of primary trauma surgery coverage and physician services, as well as three (3) backup shifts of twelve (12) hours per month.

26. The aforementioned does not take into consideration any holidays Plaintiff may have worked or backup coverage it may have provided.

27. Had Defendant wished not to renew the Agreement, the Agreement would have ended on June 30, 2024.

28. Accordingly, it is believed and therefore averred that Defendant willfully violated Plaintiff's rights by breaching its contractual obligations towards Plaintiff under Pennsylvania common law.

29. As a result of Defendant's willfully unlawful practices as described above, Plaintiff has suffered damages.

## COUNT I
## BREACH OF CONTRACT

30. Paragraphs 1 through 29 are hereby incorporated by reference as though the same were fully set forth at length herein.

31. Plaintiff and Defendant had a valid contract – Plaintiff's Global Agreement for Independent Contractor Professional Provider Coverage – concerning the terms and conditions of Plaintiff's employment with Defendant.

32. Defendant breached its Global Agreement for Independent Contractor Professional Provider Coverage with Plaintiff by terminating Plaintiff's employment without providing ninety

(90) days' notice in accordance to her Global Agreement for Independent Contractor Professional Provider Coverage as described above.

33. As a result of Defendant's breach, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff respectfully request that this Court enter judgement in its favor and against Defendant, and grant the maximum relief allowed by law, including, but not limited to:

A. Back wages and unpaid fringe benefits;

B. Pre-judgment interest in an appropriate amount; and

C. Such other and further relief as is just and equitable under the circumstances.

D. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable law.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/ Mary Kramer*
Mary Kramer, Esquire
Attorney I.D. No. 324078
Eight Penn Center, Suite 2000
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
mkramer@phillyemploymentlawyer.com
*Attorneys for Plaintiff*

Dated: October 7, 2024

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to its potential claims and its claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.